# EXHIBIT A

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

**For Use by Clerk's Office Only**
Payment type: ☐ ck ☐ cg ☐ ca
Chg/Ck Number:
Amount:
Overpayment:
Batch Number:

| | |
|---|---|
| **Attorney/Pro Se Name**<br>Marc A. Weinberg, Esq. | **Telephone Number**<br>215-576-0100 |
| **Firm Name (if applicable)**<br>Saffren & Weinberg | **County of Venue**<br>Camden |
| **Office Address**<br>815 Greenwood Ave., Ste. 22<br>Jenkintown, PA 19046 | **Docket Number (when available)**<br><br>**Document Type**<br>Complaint<br><br>**Jury Demand** ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Monica Ballinger, Plainitff | Monica Ballinger v. Sequel Youth and Family Services d/b/a Capital Academy, Sequel Youth & Family Services, LLC, JOhn Does I though X and ABC Companies I though X |

| Case Type Number<br>(See reverse side for listing)<br>509 | Are sexual abuse claims alleged?<br>☐ Yes ■ No | Is this a professional malpractice case? ☐ Yes ☐ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
|---|---|---|

| Related Cases Pending?<br>☐ Yes ■ No | If "Yes," list docket numbers |
|---|---|

| Do you anticipate adding any parties<br>(arising out of same transaction or occurrence)?<br>☐ Yes ■ No | Name of defendant's primary insurance company (if known)<br>☐ None<br>■ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

**Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation**

| Do parties have a current, past or recurrent relationship?<br>■ Yes ☐ No | If "Yes," is that relationship:<br>■ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain)<br>☐ Familial ☐ Business |
|---|---|

Does the statute governing this case provide for payment of fees by the losing party? ☐ Yes ■ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?<br>☐ Yes ■ No | If yes, please identify the requested accommodation: |
|---|---|
| Will an interpreter be needed?<br>☐ Yes ■ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: _/s/_

**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | | | |
|---|---|---|---|
| 151 | Name Change | 506 | PIP Coverage |
| 175 | Forfeiture | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 | Lemon Law |
| | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | | | |
|---|---|---|---|
| 305 | Construction | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 | Personal Injury |
| | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | 699 | Tort – Other |

### Track III - 450 days discovery

| | | | |
|---|---|---|---|
| 005 | Civil Rights | 608 | Toxic Tort |
| 301 | Condemnation | 609 | Defamation |
| 602 | Assault and Battery | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | |
| 606 | Product Liability | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | |
|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | 514 | Insurance Fraud |
| 303 | Mt. Laurel | 620 | False Claims Act |
| 508 | Complex Commercial | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | |

### Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | Accutane/Isotretinoin | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | 626 | Abilify |
| 286 | Levaquin | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | | |
| 299 | Olmesartan Medoxomil Medications/Benicar | | |
| 300 | Talc-Based Body Powders | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**   ☐ **Title 59**   ☐ **Consumer Fraud**

| | |
|---|---|
| SAFFREN & WEINBERG<br>By: MARC A. WEINBERG, ESQUIRE<br>Attorney I.D.: 039291990<br>815 Greenwood Avenue, Suite 22<br>Jenkintown, PA 19046<br>(215) 576-0100 | Attorney for Plaintiff |
| MONICA BALLINGER<br>45 Pondview Lane<br>Sicklerville, NJ 08081<br><br>vs.<br><br>SEQUEL YOUTH AND<br>FAMILY SERVICES d/b/a<br>CAPITAL ACADEMY<br>1770 Mt. Ephraim Avenue<br>Camden, NJ 08104<br><br>and<br><br>SEQUEL YOUTH AND<br>FAMILY SERVICES, LLC<br>1131 Eagletree Lane SE<br>Huntsville, AL 35801<br><br>and<br><br>JOHN DOES I THROUGH X,<br>fictitious names<br><br>and<br><br>ABC COMPANIES I THROUGH X,<br>fictitious names | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY – LAW DIVISION<br>CIVIL PART<br><br>DOCKET No.<br><br>**CIVIL ACTION - COMPLAINT,**<br>**JURY DEMAND, CERTIFICATION,**<br>**AND DESIGNATION OF TRIAL**<br>**COUNSEL** |

1. Plaintiff, Monica Ballinger, is an adult individual who currently resides at the above-captioned address.

2. Defendant, Sequel Youth & Family Services d/b/a Capital Academy, is believed to be a foreign corporation with a place of business and address for service at 1770 Mt. Ephraim Ave., Camden, NJ 08104.

3. Defendant, Sequel Youth & Family Services, LLC is believed to be a foreign corporation with a place of business and address for service at 1131 Eagletree Lane SE, Huntsville, AL 35801.

4. Defendants, John Does I through X, are fictitious names for one or more individuals whose full and complete identities are currently unknown and who on January 23, 2020, and for a period of time prior thereto, were employed by Defendants, Sequel Youth & Family Services d/b/a Capital Academy and Sequel Youth & Family Services, or by one or more of the Defendants, ABC Companies I through X, at the academy located at 1170 Mt. Ephraim Ave., Camden, NJ 08104.

5. Defendants, ABC Companies I through X, are fictitious names for one or more corporations, general partnerships, limited partnerships, companies, limited liability companies or other entities whose full and complete identities are currently unknown and who on January 23, 2020, and at all other times material hereto, owned, possessed and/or controlled the academy located 1770 Mt. Ephraim Ave., Camden, NJ 08104.

6. At all times relevant hereto, Plaintiff was supervised by Defendants' employees, Executive Director Don Christano and P.M. Supervisor, Eugene Lett.

7. At all times relevant hereto, Beverly Turner functioned as Plaintiff's Human Resources representative.

8. Plaintiff was hired by the Defendants, in or around May, 2011, and worked as the Food Services Manager for the Capital Academy, located at 1770 Mt. Ephraim Ave., Camden, NJ 08104.

9. On or about December 4, 2019, Plaintiff's private information relating to a consensual relationship, was nefariously obtained by Defendant's employee, Eugene Lett, who proceeded to tell Plaintiff she was to pay him $5,000.00 in exchange for Lett keeping the Plaintiff's personal information confidential.

10. Plaintiff attempted to avoid Lett, who repeatedly harassed the Plaintiff.

11. On December 22, 2019, Lett demanded the $5,000.00 from the Plaintiff that day.

12. On or about December 23, 2019, Plaintiff reported the harassment, and Lett's demand for payments to Beverly Turner, Defendants' Human Resources representative

13. Plaintiff spoke with Turner about the situation between eight and ten times, yet, Turner took no action.

14. Also on December 23, 2019, Plaintiff was contacted by Don Christiano, who asked Plaintiff if she had "got with" Lett, regarding the money. Plaintiff said she had not.

15. Don Christiano then threatened Plaintiff's employment.

16. On January 23, 2020, Plaintiff was accused of sending personal photos to Lett, which she had not done.

17. Plaintiff was terminated by Defendants on January 23, 2020.

18. As the result of the events described herein the Plaintiff has suffered and may continue to suffer from extreme mental anguish, emotional upset, psychological injury and other noneconomic losses.

19. As a further result of the events described herein, the Plaintiff has suffered and may continue to suffer from embarrassment, humiliation and degradation.

20. As a further result of the events described herein, the Plaintiff has suffered and may continue to suffer from embarrassment, humiliation and degradation.

21. As a further result of the events described herein, the Plaintiff has suffered and may continue to suffer from fear, frustration and anxiety.

22. As a further result of the events described herein, the Plaintiff has been required to seek out and obtain medical, psychological and/or psychiatric attention and care, and has incurred bills or has become obligated to pay for such medical, psychological and/or psychiatric attention and care, and in the future may be required to seek out and obtain additional medical, psychological and/or psychiatric attention and care, and incurred bills or become obligated to pay for such medical, psychological and/or psychiatric attention and care.

## COUNT I:
## MARIE BALLINGER VS. SEQUEL YOUTH & FAMILY SERVICES D/B/A CAPITAL ACADEMY AND SEQUEL YOUTH & FAMILY SERVICES, LLC
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff hereby incorporates the averments of paragraphs 1 through 14 of this complaint as though set forth herein at length.

24. In allowing their employees to harass the Plaintiff, the Defendants, acted intentionally to inflict emotional distress upon Plaintiff causing Plaintiff to sustain the damages previously described.

25. In allowing their employees to harass the Plaintiff, the Defendants, acted with reckless disregard for the high probability or likelihood that her conduct would cause Plaintiff to suffer emotional distress and sustain the damages previously described.

WHEREFORE, Plaintiff, Marie Ballinger, demands judgment in his favor and against Defendants, for intentional infliction of emotional distress, in an amount sufficient to compensate her for her injuries and damages together with an award of punitive damages, interest, costs, counsel fees, and such further relief as this Court deems just and appropriate.

## COUNT II:
### MARIE BALLINGER VS. SEQUEL YOUTH & FAMILY SERVICES D/B/A CAPITAL ACADEMY AND SEQUEL YOUTH & FAMILY SERVICES, LLC
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff hereby incorporates all preceding averments of this complaint as though set forth herein at length.

27. In allowing their employees to harass Plaintiff, the Defendants, acted negligently and carelessly to inflict emotional distress upon Plaintiff causing Plaintiff to sustain the damages previously described.

WHEREFORE, Plaintiff, Marie Ballinger, demands judgment in his favor and against Defendants, for negligent infliction of emotional distress, in an amount sufficient to compensate her for her injuries and damages together with interest, costs, counsel fees, and such further relief as this Court deems just and appropriate.

## COUNT III:
### MICHAEL KILLMARTIN VS. JOHN DOES I THROUGH X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff hereby incorporates Plaintiff hereby incorporates all preceding averments of this complaint as though set forth herein at length.

29. In harassing the Plaintiff, the Defendants, John Does I through X, acted intentionally to inflict emotional distress upon Plaintiff causing Plaintiff to sustain the damages previously described.

30. In harassing Plaintiff, the Defendants, John Does I through X, acted with reckless disregard for the high probability or likelihood that their conduct would cause Plaintiff to suffer emotional distress and sustain the damages previously described.

WHEREFORE, Plaintiff, Marie Ballinger, demands judgment in his favor and against Defendants, John Does I through X, for intentional infliction of emotional distress, in an amount sufficient to compensate him for his injuries and damages together with an award of punitive damages, interest, costs, counsel fees, and such further relief as this Court deems just and appropriate.

## COUNT IV:
## MARIE BALLINGER VS. JOHN DOES I THROUGH X
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff hereby incorporates all preceding averments of this complaint as though set forth herein at length.

32. In harassing the Plaintiff, the Defendants, John Does I through X, acted negligently and carelessly to inflict emotional distress upon Plaintiff causing Plaintiff to sustain the damages previously described.

WHEREFORE, Plaintiff, Marie Ballinger, demands judgment in his favor and against Defendants, John Does I through X, for negligent infliction of emotional distress, in an amount sufficient to compensate him for his injuries and damages together with interest, costs, counsel fees and such further relief as this Court deems just and appropriate.

## COUNT V:
## MARIE BALLINGER VS. SEQUEL YOUTH & FAMILY SERVICES D/B/A CAPITAL ACADEMY AND SEQUEL YOUTH & FAMILY SERVICES, LLC
## NELGIGENCE

33. Plaintiff hereby incorporates all preceding averments of this complaint as though set forth herein at length.

34. The injuries and damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of Defendants, Sequel Youth & Family Service d/b/a Capital Academy and Sequel Youth & Family Services, LLC.

35. The negligence and carelessness of Defendants, Sequel Youth & Family Service d/b/a Capital Academy and Sequel Youth & Family Services, LLC. consisted of the following:

    a) Failing to properly supervise, manage, monitor or oversee Don Christiano, Beverly Turner and Eugene Lett, or the Defendants, John Does I through X;

    b) Negligently hiring or retaining Don Christiano, Beverly Turner and Eugene Lett, or the Defendants, John Does I through X;

    c) Firing the Plaintiff without just cause;

    d) Such further negligence and carelessness as the circumstances and discovery shall disclose.

36. Defendants, Sequel Youth & Family Service d/b/a Capital Academy and Sequel Youth & Family Services, LLC. are directly liable to Plaintiff for his injuries and damages or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Marie Ballinger, demands judgment in her favor and against Defendants, Defendants, Sequel Youth & Family Service d/b/a Capital Academy and Sequel Youth & Family Services, LLC. in an amount sufficient to compensate her for her injuries and damages together with interest, costs, counsel fees and such further relief as this Court deems just and appropriate.

### COUNT VI:
### MARIE BALLINGER VS. ABC COMPANIES I THROUGH X
### NEGLIGENCE

37. Plaintiff hereby incorporates all preceding averments of this complaint as though set forth herein at length.

38. The injuries and damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of Defendant, ABC Companies I through X.

39. The negligence and carelessness of Defendant, ABC Companies I through X, consisted of the following:

    a) Failing to properly supervise, manage, monitor or oversee Don Christiano, Beverly Turner and Eugene Lett, or the Defendants, John Does I through X;

    b) Negligently hiring or retaining Don Christiano, Beverly Turner and Eugene Lett, or the Defendants, John Does I through X;

    c) Firing the Plaintiff without just cause;

    d) Such further negligence and carelessness as the circumstances and discovery shall disclose.

35. Defendant, ABC Companies I through X, is directly liable to Plaintiff for his injuries and damages or is vicariously liable pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff, Marie Ballinger, demands judgment in his favor and against Defendants, Davita, Inc., in an amount sufficient to compensate her for her injuries and damages together with interest, costs, counsel fees and such further relief as this Court deems just and appropriate.

                                          SAFFREN & WEINBERG

                                    BY: _____
                                          MARC A. WEINBERG, ESQUIRE
                                          Attorney for Plaintiff

## JURY DEMAND

Plaintiff, Marie Ballinger, hereby demands a trial by jury.

SAFFREN & WEINBERG

BY:_____
MARC A. WEINBERG, ESQUIRE

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Marc A. Weinberg, Esquire, is hereby designated as trial counsel in the above matter.

SAFFREN & WEINBERG

BY:_____
MARC A. WEINBERG, ESQUIRE

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify pursuant to Rule 4:5-1 that I know of no other proceedings pending or that are contemplated in any Court or Arbitration proceeding that concerns this subject matter and know of no other parties that need to be joined in this action.

SAFFREN & WEINBERG

DATED: _____                BY:_____
                                      MARC A. WEINBERG, ESQUIRE

```
CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN              NJ 08103
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                              DATE:    AUGUST 21, 2020
                              RE:      BALLINGER MONICA   VS SEQUEL YOUTH & FAMIL Y SERVI
                              DOCKET:  CAM L -002825 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STEVEN J. POLANSKY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     101
 AT:  (856) 650-9100 EXT 43126.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH   R.4:5A-2.
                         ATTENTION:
                                    ATT: MARC A. WEINBERG
                                    SAFFREN & WEINBERG
                                    815 GREENWOOD AVENUE
                                    SUITE 22
                                    JENKINTOWN        PA 19046

ECOURTS
```

MONICA BALLINGER

Plaintiff

vs

SEQUEL YOUTH AND FAMILY SERVICES D/B/A CAPITAL ACADEMY, ET AL

Defendant

20200824121043

Superior Court Of New Jersey

CAMDEN Venue

Docket Number: CAM L 2825 20

**Person to be served (Name and Address):**
SEQUEL YOUTH AND FAMILY SERVICES D/B/A CAPITAL ACADEMY
1770 MT. EPHRAIM AVENUE
CAMDEN NJ 08103
**By serving:** SEQUEL YOUTH AND FAMILY SERVICES D/B/A CAPITAL ACADEMY

**Attorney:** MARC A. WEINBERG, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, CERTIFICATION

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

| Service Data: | [X] Served Successfully | [ ] Not Served |
|---|---|---|
| Date/Time: | 8/28/2020 10:48 AM | |

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

BEVERLY TURNER

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX: F    AGE: 36-50    HEIGHT: 5'4"-5'8"    WEIGHT: 131-160 LBS.    SKIN: BLACK    HAIR: BLACK    OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:   Date/Time: _____
                     Date/Time: _____
                     Date/Time: _____

Other: _____

**Served Data:**
Subscribed and Sworn to me this
_31_ day of _Aug_ 20 _20_
Notary Signature: _____
Name of Notary: ROSEMARY RAMOS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 2, 2022

I, HANAN HAYON, was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server    Date: 8/31/2020

Name of Private Server: HANAN HAYON   Address: 2009 Morris Avenue UNION, NJ 07083   Phone: (800) 672-1952

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONICA BALLINGER, | Civil Action No. _____ |
| Plaintiff, | |
| v. | Civil Action |
| SEQUEL YOUTH AND FAMILY SERVICES d/b/a CAPITAL ACADEMY; SEQUEL YOUTH AND FAMILY SERVICES, LLC, JOHN DOES I-X AND ABC COMPANIES I-X | |
| Defendants. | |

## DECLARATION OF MEGAN STUPAK, ESQ.

I, Megan Stupak, declare as follows:

1. I am Corporate Counsel for Defendant Sequel Youth and Family Services, LLC ("Sequel").

2. I have personal knowledge of and am competent to testify as to the matters set forth herein.

3. Sequel is a limited liability company organized under the laws of the State of Delaware.

4. Sequel's members are located in the states of Arizona, Delaware, Florida, Iowa, Idaho, Illinois, Indiana, Maine, Michigan, North Carolina, New York, Ohio, South Dakota, and Utah, respectively.

5. On August 25, 2020, Sequel was served with the Complaint filed by Plaintiff in the above-captioned matter.

6. Sequel of New Jersey, Inc. d/b/a Capital Academy is a Delaware corporation with its corporate headquarters located at 1131 Eagletree Lane, Huntsville, Alabama, 35801.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 23 , 2020

*Megan Stupak*
Megan Stupak, Esq.

44291003.1

2