```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

  MONICA BALLINGER,                    1:20-cv-13181-NLH-AMD

            Plaintiff,                 **MEMORANDUM OPINION &
                                       ORDER TO SHOW CAUSE**
       v.

  CAPITAL ACADEMY and SEQUEL
  YOUTH AND FAMILY SERVICES,
  LLC,

            Defendants.

**APPEARANCES:**

MARC A. WEINBERG
SAFFERN & WEINBERG
815 GREENWOOD AVE.
SUITE 22
JENKINTOWN, PA 19046

    *On behalf of Plaintiff*

BRANDON REED SHER
ROBERT C. PERRYMAN
OGLETREE DEAKINS
1735 MARKET STREET
SUITE 3000
PHILADELPHIA, PA 19103

    *On behalf of Defendants*

**HILLMAN, District Judge**

   WHEREAS, on September 24, 2020, Defendants removed Plaintiff's case from New Jersey Superior Court to this Court, averring that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and

costs, pursuant to 28 U.S.C. § 1332(a); but

WHEREAS, on September 25, 2020, this Court issued an Order to Show Cause as to why this action should not be remanded[1] because the notice of removal had not properly alleged the citizenship of Defendant Sequel Youth and Family Services, LLC[2] (Docket No. 5); and

WHEREAS, even though Defendant Sequel Youth and Family Services, LLC had correctly noted that the citizenship of an LLC is determined by the citizenship of each of its members, see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010), and Defendants' notice of removal had averred that "Sequel has forty-seven (47) members that are located in the states of Arizona, Delaware, Florida, Iowa, Idaho, Illinois, Indiana, Maine, Michigan, North Carolina, New York, Ohio, South Dakota, and Utah," and therefore Sequel's citizenship is diverse

---

[1] Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). Parties may not confer subject matter jurisdiction by consent. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004).

[2] The notice of removal had properly pleaded that Plaintiff is a citizen of New Jersey and Defendant Capital Academy, a corporation, is a citizen of Delaware (state of incorporation) and Alabama (its principal place of business). See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

from Plaintiff's, the Court observed that the notice failed to aver the citizenship, rather than the location, of those members, and the notice failed to identify whether those members were individuals or an entity such as a corporation or another LLC[3]; and

WHEREAS, the Court also pointed out that the removing Defendants should have been readily able to ascertain and allege the specifics of their own citizenship; and

WHEREAS, the Court directed Defendants to file an amended notice of removal to properly comply with 28 U.S.C. § 1332 or face remand for lack of subject matter jurisdiction; and

WHEREAS, on October 13, 2020, Defendants filed a "Notice of Withdrawal of Notice of Removal," which provides, "While complete diversity may exist pursuant to Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010), Defendants cannot attest to same at this time," and "Defendants withdraw

---

[3] The law requires that if a member of an LLC is another LLC, a corporation, or a limited partnership, then each member of the LLC, or each partner in the limited partnership, must be identified and its citizenship pled, and for any such member or partner that is a corporation, the state of incorporation and its principal place of business must similarly be identified and pled.  See Zambelli, 592 F.3d at 420 ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.")(quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).

their Notice of Removal and respectfully request that this Court remand the case back to the Superior Court of New Jersey, Camden County, Law Division." (Docket No. 8 at 2); but

WHEREAS, although Defendants' equivocal statement that "complete diversity may exist" fails to establish subject matter jurisdiction, it also fails to negate that this Court had subject matter jurisdiction over the matter at the time of removal, and therefore continues to have subject matter jurisdiction over this action; and

WHEREAS, as this Court has previously explained, "two things are equally true.  This is a court of limited jurisdiction.  It must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute.  However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred," Radbill v. Petsmart, Inc., 2020 WL 2112167, at *2 (D.N.J. 2020) (quoting Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018));

THEREFORE,

IT IS HEREBY on this   20th     day of  October  , 2020

ORDERED that Defendants shall have fifteen (15) days to amend their notice of removal to properly comply with 28 U.S.C. § 1332, by either (1) properly averring the citizenship of Sequel Youth and Family Services, LLC's 47 members, which will

4

demonstrate whether subject matter jurisdiction had been established at the time of removal, or (2) certifying that Sequel's citizenship is not diverse from Plaintiff's, and consequently Defendants cannot meet their burden of establishing subject matter jurisdiction at the time of removal.[4]

At Camden, New Jersey
\_\_\_s/ Noel L. Hillman\_\_\_
NOEL L. HILLMAN, U.S.D.J.

---

[4] As this Court noted in Farren, 2018 WL 372168, at *3 n.2, neither Plaintiff nor Defendants are prisoners of the federal court if they would rather return to state court. The parties may follow Fed. R. Civ. P. 41(a)(1)(A)(i), which provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer. If it is the first dismissal, the rule expressly provides that dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Thereafter, to the extent allowed by state law, Plaintiff may refile her action in state court. Radbill v. Petsmart, Inc., 2020 WL 2112167, at *2 n.1 (D.N.J. 2020).